PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1987 Nissan Maxima struck a hole while he was traveling on the Colliers Way Exit ramp of U.S. Route 22 in Hancock County. Colliers Way is a road maintained by respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 7:00 p.m. and 8:00 p.m. on February 20,2007. Colliers Way is a two-lane paved road with a posted speed limit of twenty-five miles per hour. Claimant testified that the road was dark and wet at the time this incident occurred. Claimant was traveling home from work on U.S. Route 22 at approximately twenty-five miles per hour. As claimant was proceeding on the Colliers Way Exit from U.S. Route 22 towards Pennsylvania Avenue, his vehicle struck a hole that was approximately 100 yards from the end of the exit ramp. The hole, which was located on the left side of the road, was approximately two to three feet deep and two to three feet in diameter. Although claimant had driven on this road before, he never noticed the hole prior to this incident. In addition, there were no warning signs posted in this area. Claimant’s vehicle sustained damage to the alignment, driver’s side tire and rim in the amount of $251.75. Claimant did not have insurance coverage for his loss.
The position of the respondent is that it did not have actual or constructive notice of the condition on the Colliers Way Exit at the site of claimant’s accident for the date in question. Samuel DeCapio, Highway Administrator for respondent in Hancock County, testified that due to the rough conditions on the Colliers Way Exit, respondent had to keep patching the road with cold mix. Mr. DeCapio stated that on the day of claimant’s incident, respondent was engaged in snow and ice control, which is a priority in terms of respondent’s work activities.
The well-established principle of law in West Virginia is that the State is neither *91 an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent is not liable for the conditions on the Colliers Way Exit. The evidence adduced at the hearing established that respondent was engaged in snow and ice removal on the day in question, which is a priority activity. Since the respondent was working diligently to clean the roads on the date of this incident, the Court finds that respondent was not negligent when it was unable to make repairs to this particular condition in a timely manner. Thus, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.